UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAURICE BLANCHARD,

     Petitioner,

v.                                                     CASE NO. 6:02-cv-1029-Orl-18KRS

MICHAEL W. MOORE, et al.,

     Respondents.

_____

## ORDER

Petitioner filed an amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 24). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Thereafter, Respondents filed a timely response to the amended petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 30). Petitioner filed a reply to the response (Doc. No. 32).

Petitioner alleges nine claims for relief in his habeas petition: first, that his due process rights were violated because the jury was not instructed as to what constitutes a dangerous weapon under Florida law; second, that his due process rights were violated because the special verdict was vague; third, that fundamental error occurred when he was convicted of a higher class crime than what was charged in the information; fourth, that fundamental error occurred based on the special verdict; fifth, that his conviction for armed burglary violated the prohibition against double jeopardy; sixth, that

it was fundamental error for the trial court to adjudicate him guilty based upon an infirm jury verdict; seventh, that he was convicted based on the perjured testimony of the victim; eighth, that he was denied effective assistance of trial counsel; and ninth, that the weight of the evidence at trial was insufficient to support his convictions.

### *Procedural History*

Petitioner was charged by amended information with one count of burglary of a dwelling with an assault or a battery with a weapon, one count of resisting an officer without violence, and one count of petit theft. After a jury trial, he was adjudicated guilty of burglary of a dwelling with a weapon[1] and petit theft. Petitioner's motion for judgment of acquittal regarding the resisting arrest count was granted. The trial court sentenced him to a ten year term of imprisonment, followed by a ten year term of probation. The Florida Fifth District Court of Appeal affirmed the convictions and sentences. *Blanchard v. State*, 767 So. 2d 573 (Fla. 5th DCA 2000). Petitioner sought review with the Florida Supreme Court, but on June 20, 2001, that court declined to accept jurisdiction. *Blanchard v. State*, 791 So. 2d 1094 (Fla. 2001).

Petitioner filed a motion for correction of sentence on November 7, 2000. The trial court denied the motion on May 16, 2001, and Petitioner did not appeal the denial.

On March 13, 2001, Petitioner filed in the state trial court a Florida Rule 3.850 motion for post-conviction relief and a petition for writ of habeas corpus. The trial court denied both the motion and the petition, and the appellate court *per curiam* affirmed the denials.

On November 1, 2001, Petitioner filed a second Rule 3.850 motion, which the trial court denied as successive. The appellate court *per curiam* affirmed the denial, and mandate was issued on March 1, 2002.

---

[1]By special verdict, the jury determined that an assault was not committed.

***Claims One and Two***

In claim one, Petitioner argues that his due process rights were violated because the jury was not instructed as to what constitutes a dangerous weapon under Florida law. In claim two, he contends that his due process rights were violated because the special verdict was vague.

Neither claim one nor claim two is cognizable in federal habeas corpus proceedings. "An error in instructing the jury cannot constitute a basis for habeas relief unless the error so infected the entire trial that the resulting conviction violates due process." *Jacobs v. Singletary*, 952 F.2d 1282, 1290 (11th Cir. 1992) (quotation omitted). "It is not sufficient that the instruction was undesirable, erroneous, or even universally condemned." *Id.* (quotation omitted). "State court jury instructions ordinarily comprise issues of state law and are not subject to federal habeas corpus review absent fundamental unfairness." *Jones v. Kemp*, 794 F.2d 1536, 1540 (11th Cir.), *cert. denied*, 479 U.S. 965 (1986). Indeed, "[a] defective jury charge raises an issue of constitutional dimension only if it renders the entire trial fundamentally unfair." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976)). The Court determines that the trial court's alleged failure to give an instruction regarding a dangerous weapon and the wording of the special verdict form did not render the trial fundamentally unfair and did not so infect the entire trial that the resulting convictions violated due process.

***Claims Three, Four, and Six***

According to Petitioner, fundamental error occurred when (a) he was convicted of a higher class crime than what was charged in the information (claim three); (b) his conviction was reclassified from a second degree felony to a first degree felony based on the jury's special verdict (claim four); and (c) he was adjudicated guilt based upon an infirm jury verdict (claim six).

Pursuant to 28 U.S.C. § 2254, a state prisoner is entitled to federal habeas corpus relief only if he is held in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). As noted by the United States Supreme Court, a mere error of state law does not constitute a denial of due process. *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *see also Jamerson v. Secretary for Dept. Of Corrections*, 410 F.3d 682, 688(11th Cir. 2005) ("Federal habeas relief is unavailable for errors of state law.") (quotation omitted). As stated by the Eleventh Circuit Court of Appeals in *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988), " *[i]n the area of state sentencing guidelines in particular*, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures." (Emphasis added); *see also Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978) ("federal courts do not review a state's failure to adhere to its own sentencing procedures . . . ."). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan*, 861 F.2d at 1508 (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)).

Claims three, four, and six are based exclusively on state law matters that are merely "couched in terms of equal protection and due process." Since no question of a federal constitutional

4

nature is involved, the state courts' interpretation of Florida law provides no basis for federal habeas corpus relief. Claims three, four, and six must be denied.

***Claim Five***

Petitioner claims that his conviction for armed burglary violated the prohibition against double jeopardy. Liberally construing the pleadings, it appears that at least a portion of this claim was presented in Petitioner's first Rule 3.850 motion.[2] The trial court denied the claim on the merits, and the appellate court *per curiam* affirmed the denial.

Because claim five was adjudicated on the merits in the state court, this Court may grant habeas corpus relief only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." *See* 28 U.S.C. §§ 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362 (2000). Thus, this Court must consider four elements: (a) the governing legal principle relied upon by the state court; (b) whether the state court's decision was contrary to governing United States Supreme Court precedent; (c) whether the state court unreasonably applied the governing United States Supreme Court precedent; and (d) whether the state court made a unreasonable determination of the facts. *See Wellington v. Moore*, 314 F.3d 1256, 1260 (11th Cir. 2002); *see also* 28 U.S.C. § 2254(d).

In assessing Petitioner's claim, the state court did not specifically cite to any United States Supreme Court case for the standard to be applied. However, a state court is not required to cite

---

[2]To the extent that the issues in claim five were not raised in Petitioner's first Rule 3.850 motion, this Court finds that such issues are procedurally barred for the reasons set forth in the discussion of claims seven and nine, below.

United States Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Petitioner has not shown that the state court reached an opposite conclusion from the United States Supreme Court on a question of law.[3]

In *Bell v. Cone*, 535 U.S. 685, 694 (2002), the United States Supreme Court discussed the meaning of "contrary to" and "unreasonable application" as used in 28 U.S.C. § 2254(d):

> As we stated in *Williams*, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Utilizing the standards set forth in *Bell* and *Williams*, this Court finds that the state court's decision was not "contrary to" the governing legal authority.  The state court did not reach an opposite conclusion from the Supreme Court on a question of law.  Additionally, Petitioner has not cited to any decision of the Supreme Court that, faced with materially indistinguishable facts, reached a decision different from the state court's in this case.  Therefore, the state court's decision was not "contrary to" governing United States Supreme Court precedent.

---

[3]The Fifth Amendment to the federal constitution guarantees that no person will be put in jeopardy twice for the same offense. U.S. Const. amend. V.  As stated by the United States Supreme Court: "That guarantee consist[s] of three separate constitutional protections.  It protects against a second prosecution for the same offense after acquittal.  It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted), *overruled on other grounds*, *Alabama v. Smith*, 490 U.S. 794 (1989).

Furthermore, the Court is unable to say that the trial court's decision was objectively unreasonable. As noted in *Bell*, "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. This Court may not grant the writ simply because it determines that the state court erroneously or incorrectly applied the correct governing law. Relief is only warranted if the application was unreasonable. *Id.* Under this demanding standard, the state court's denial of this claim was reasonable.

Petitioner alleges that he "was found not guilty concerning the weapon issue, however the judge re-attached the weapon to the burglary charge, which then placed the defendant in jeopardy twice for the same issue." This argument is belied by the record. By special verdict, the jury specifically determined that "the Defendant did carry, display, use, threaten to use, or attempt to use a weapon." (Appendix A at 42.) Petitioner simply has not demonstrated, and this Court is unable to conclude, that the state court's decision was either "contrary to" or and "unreasonable application of" the standard set forth by the United States Supreme Court in *Pearce*.

Finally, Petitioner has not demonstrated that the state court made an unreasonable determination of the facts.[4] "To establish that habeas relief is warranted on the § 2254(d)(2) ground that the state court's decision was based on an 'unreasonable determination of the facts in light of the evidence presented in the sate court proceedings,' a petitioner must rebut by clear and convincing evidence the § 2254(e)(1) presumption that a state court's factual findings are correct." *Foster v. Johnson*, 293 F.3d 766, 776-77 (5th Cir. 2002) (citation omitted), *cert. denied*, 537 U.S. 1054 (2002);

---

[4]"The special prophylaxis of section 2254(d)(2) applies only to determinations of basic, primary, or historical facts. Inferences, characterizations of the facts, and mixed fact/law conclusions are more appropriately analyzed under the "unreasonable application" prong of section 2254(d)(1)." *Ouber v. Guarino*, 293 F.3d 19, 27 (1st Cir. 2002) (citation omitted) (quotation omitted).

*Torres v. Prunty*, 223 F.3d 1103, 1108 (9th Cir. 2000) (stating that in order for a federal district court to conclude that a state court's factual determination was unreasonable under § 2254(d)(2), the federal court must be "left with a 'firm conviction' that the determination made by the state court was wrong and that the one [the petitioner] urges was correct"); *see also* 28 U.S.C. § 2254(e)(1).

Here, nothing in the record (or in Petitioner's submissions) suggests that the trial court's factual findings were unreasonable. Further, Petitioner has failed to rebut the presumption of correctness accorded the trial court's factual findings. Because he has not denigrated the trial court's factual findings, the Court cannot conclude that the trial court's decision was based on an unreasonable determination of the facts. Based on the foregoing, it is clear that claim five must be denied under section 2254(d).

### *Claims Seven, Eight, and Nine*

Petitioner argues that his conviction for armed burglary is based on the perjured testimony of the victim (claim seven); that he received ineffective assistance of counsel because his counsel failed to object to the reclassification of the armed burglary from second degree to first degree (claim eight); and that the evidence was insufficient to identify Petitioner as the perpetrator of the crimes (claim nine).

The federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims,[5] or (2) are not exhausted but would clearly be barred if returned to the state courts. [6] Thus, "[f]ederal courts are

---

[5]*Harris v. Reed*, 489 U.S. 255 (1989).

[6]*See, e.g., Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there

precluded from addressing claims that have been held to be procedurally defaulted under state law. In addition, the federal courts may not address claims that have not been presented in the state court if the state court would have found the claims to be procedurally defaulted . . . ." *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).[7]   The Eleventh Circuit Court of Appeals has held that this procedural bar applies to ineffective assistance of counsel claims brought in habeas cases: "a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992) (footnote omitted).

Claims seven and nine were not presented to the state courts.  Since the claims were not raised and are clearly barred from being raised in the state courts, claims seven and nine appear to be procedurally barred from consideration by this Court.[8]

Claim eight was raised in Petitioner's second Rule 3.850 motion, but was determined by the state courts to be successive.  This was a correct application of Florida law. *Sandillo v. State*, 842 So.2d 1018, 1019 (Fla. 5th DCA 2003) (holding that defendant's claim that plainly could or should

---

is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990), *cert. denied*, 499 U.S. 982 (1991) ("[w]hen a claim is never presented to the state court *Teague* does not require that the last state court rendering judgment 'clearly and expressly' state that its judgment rests on a procedural bar.").

[7]Also, if the petitioner attempts to raise the claim in a manner not permitted by state procedural rules, he is barred from pursuing the same claim in federal court. *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert. denied*, 513 U.S. 1061 (1994).

[8]The Court recognizes that claim nine raises a sufficiency of the evidence challenge and that Petitioner also challenged the sufficiency of the evidence on direct appeal.  However, the substance of the two challenges is distinctly different.  The instant challenge concerns the identification of Petitioner as the perpetrator of the crimes, while the direct appeal focused on whether the area where the crimes occurred was properly included within the definition of a dwelling.

have been raised in his first Rule 3.850 motion was procedurally barred). Therefore, this claim is procedurally barred in this Court because the last state court rendering a judgment in Petitioner's case clearly and expressly stated that its judgment rested on the procedural bar.[9]

However, there are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claims seven, eight, and nine are procedurally barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Maurice Blanchard is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

---

[9]*Harmon v. Barton* , 894 F.2d 1268, 1273 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990) ("[P]er curiam affirmance of the trial court's ruling explicitly based on procedural default is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal court.").

2.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida this 21 day of September, 2005.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
sa 6/24
Maurice Blanchard
Counsel of Record

11